IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANA LYNN ZAHEDI AND REZA ZAHEDI, <br><br> Plaintiffs, <br><br> v. <br><br> THE BANK OF NEW YORK MELLON TRUSTEE FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWMBS, INC., ALTERNATIVE LOAN TRUST 2006-8T1 MORTGAGE PASS THROUGH CERTIFICATES SERIES 2006-7, BAYVIEW LOAN SERVICING, LLC, and RUBLIN LUBLIN, LLC, <br><br> Defendants. | Case No.: <br> 1:19-cv-02291-ELR-JKL |

**MEMORANDUM OF LAW IN SUPPORT
OF RUBIN LUBLIN'S MOTION TO DISMISS**

COMES NOW, Rubin Lublin, LLC ("Rubin Lublin") and files its Memorandum of Law in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), respectfully showing this Honorable Court as follows:

1

## STATEMENT OF FACTS

This case represents at least the fifth attempt by the Plaintiffs to stall a foreclosure sale of the property located at 3950 Spalding Drive, Atlanta, Georgia 30350 (the "Property"). *See Zahedi v. Bank of Am., N.A.*, No. 1:14-cv-00272-HLM (N.D. Ga.), *appeal dismissed*, No. 14-13899 (11th Cir.); *Zahedi v. McCalla Raymer, LLC*, No. 1:15-cv-00525-WSD (N.D. Ga.); *Zahedi v. Bank of Am., N.A.*, No. 14-5165 (Bankr. N.D. Ga.); *Zahedi v. Bank of Am., N.A.*, No. 1:15-cv-02739-ELR (N.D. Ga.). On April 29, 20019, Plaintiff's filed this action in the Superior Court of Fulton County, Georgia, Civil Action Number 2019CV320376.[1] [Doc. 1].

On May 23, 2019, BNY Mellon and Bayview Loan Servicing, LLC removed the Complaint to this Court on the basis of Federal Question jurisdiction. [Doc. 1]. The Complaint seeks relief against three defendants under the Fair Debt Collection Practices Act ("FDCPA"), Real Estate Settlement Procedures Act ("RESPA"), and includes several state law claims without any distinction as to either the alleged violations or the defendants alleged to have perpetrated them. [Doc. 1-1]. The Complaint also contains only two factual allegations: an identification of the

---

[1] Now, the Plaintiffs have returned with a pleading purchased from the internet or other unscrupulous source, as evidenced by the fact that nearly the exact same pleading was filed before this Court in at least one other pro se case. See, e.g., Bermudez v. U.S. Bank Nat'l Ass'n, No. 1:18-cv-05018-SCJ-AJB (N.D. Ga.).

2

Property and of the security deed being foreclosed. *See generally* [Doc. 1-1] at pp. 9-16.

Fortunately, the Fulton County public records can supply some additional information to fill in the information that Plaintiffs have neglected. On August 23, 2005, Dana Lynn Zahedi ("Ms. Zahedi") obtained title to the Property via a Limited Warranty Deed recorded on August 29, 2005, in Book 40746, Page 582, Fulton County, Georgia Records (the "Warranty Deed"). A true and correct copy of the Warranty Deed is attached hereto as **Exhibit "A"**. Several months later, Ms. Zahedi "executed a Security Deed to AMERICA'S WHOLESALE LENDER filed for record on 11/15/2005, and recorded in Deed Book 41350, Page 300, Fulton County, Georgia Records [(the "Security Deed")]." [Doc. 1-1]. A true and correct copy of the Security Deed is attached hereto as **Exhibit "B"**. The Security Deed names only Dana Lynn Zahedi as a Borrower. *See* Ex. A at p. 1. On July 25, 2007 Ms. Zahedi executed a Quitclaim Deed into herself and Reza Zahedi, via the Quit-Claim Deed recorded on August 22, 2007, at Deed Book 45574, Page 452, Fulton County, Georgia records (the "Quit Claim Deed").

On March 5, 2011, Ms. Zahedi executed a Loan Modification agreement with BAC Home Loans Servicing, LP, recorded On May 3, 2011 at Book 50043, Page 75, Fulton County, Georgia records (the "Loan Modification"). The Security

3

Deed was last assigned to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders of CWMBS, Inc., Alternative Loan Trust 2006-8TI, Mortgage Pass-Through Certificates, Series 2006-7, via the Corporate Assignment recorded on July 22, 2014 at Deed Book 54001, Page 289, Fulton County, Georgia records (the "Assignment"). A true and correct copy of the Assignment, which has been redacted to remove privacy protected information, is attached as **Exhibit "C"**.

At some point Ms. Zahedi defaulted on her payments under the Security Deed and Loan Modification and a foreclosure sale was scheduled for May 7, 2019 [Doc. 1-1]. On May 6, 2019, the Superior Court of Fulton County held an Emergency Hearing on Plaintiff's request for a Temporary Restraining Order to enjoin foreclosure and entered an Order postponing the sale for thirty days. [Doc. 1-1]. To date, no sale has been rescheduled.

## Argument and Citation to Authority

### A.   STANDARD OF REVIEW

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a

plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

**B. PLAINTIFF REZA ZAHEDI FAILS TO STATE A CLAIM FOR RELIEF**

As an initial matter, it is unclear whether Plaintiff Reza Zahedi ("Mr. Zahedi") has standing to bring any claim in this case. *See* Ex. A; Ex. B. While Mr. Zahedi is included as a Plaintiff in the style and has signed the Complaint, the Complaint seeks relief from the power of sale clause contained in the Security Deed to which he is not a party. In fact, at the time Ms. Zahedi executed the Security Deed, Mr. Zahedi was not on title to the Property and had no cognizable interest in the Property whatsoever. *See* Ex. A; Ex. B.

Security deeds are contracts conveying legal title to property to secure a debt. "A foreclosing creditor owes certain duties by statute and contract to the debtor, and the debtor may seek relief if those duties are breached." *See, Ames v.*

5

*JP Morgan Chase Bank, N.A.*, 298 Ga. 732, 738, 783 S.E.2d 614, 619 (2016). As a contract, an essential element for any claim brought pursuant to the Security Deed is that it is brought by a party with right to complain. *Canton Plaza, Inc. v. Regions Bank, Inc.*, 315 Ga. App. 303, 306(2012)(emphasis in original); *Duke Galish, LLC v. Manton*, 308 Ga.App. 316, 320(2) (2011). Since Mr. Zahedi cannot establish that he was a party to the contract that is the crux of this action, he lacks the requisite standing to bring his claims. *See* Ex. A. Accordingly, all claims brought by Mr. Zahedi must be dismissed.

**C.   PLAINTIFFS COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Even overlooking Mr. Zahedi's lack of standing with respect to the claims in this action, the claims themselves fail as a matter of law. The Federal Rules of Civil Procedure require that a Complaint provide a defendant with fair notice of the claims against it. Fed. R. Civ. P. 8. Here, Plaintiffs' Complaint is comprised almost entirely of legal conclusions and utterly fails to provide any basis for the asserted claims. Under the bolded header facts Plaintiff state:

> 5.   Plaintiffs executed a security Deed to AMERICAS WHOLESALE LENDER filed for record on 11/15.2005, and recorded in Deed Book 41350, Page 300, Fulton County, Georgia Records.
> 6.   Defendants under and by virtue of the Power of Sale contained in mentioned Security Deed in Paragraph 5 will be

selling at public outcry to the highest bidder for cash before the courthouse door of FULTON County, Georgia, or at such place as may be lawfully designated as an alternative, within the legal hours of sale on the first Tuesday in May 7, 2019, the Property.

7. Defendants is duly appointed agent and attorney in fact for the Plaintiffs. Defendant by conducting Foreclosing proceedings on plaintiff's property without exhausting all loss mitigation remedies available and not following Federal or State Loss mitigation regulations in order to avoid foreclosure on Plaintiff's Property has breached Fiduciary Duties per Georgia Code § 11-3-307.

8. Defendants are not on compliance with Consumer Financial Protection Bureau (CFPB) regulations for loss mitigation efforts under mortgage servicing rules in Regulations x and z for first or second trust closed-end loans becoming effective April 19, 2018 and with the Fair Debt Collection Practices Act (FDCPA) specifically related to failing to send Plaintiffs a written "validation notice" within five days of first contacting Plaintiff with information such as how much money Plaintiffs owe and the name of the creditor that Plaintiff owes it to in order for Plaintiffs to have the opportunity to object the amount that is been collected by the Defendants and to ask for a verification of such debt to request Plaintiffs how old is the debt to establish if such debt is out of statute of limitations therefore if the debt can be considered "time-barred" and Defendants has been illegally collecting a debt on Plaintiffs.

9. Plaintiffs because of expressed in Paragraph 8 and under the Federal Debt Collection Practices Act is submitting a cease communication request to Defendants and requesting a certification of debt asking when was the last payment received by Defendants in order to check if the debt is out of statute of limitations therefore if the debt can be considered "time-barred" and Defendants have been illegally collecting a debt on Plaintiff. [Doc.1-1].

Importantly, Plaintiff's title is a misnomer. Despite couching their rambling assertions beneath the designation facts, Plaintiffs have only succeeded in pleading one fact-- that they executed a security deed. [Doc. 1-1]. They provide no other background for any of their assertions; as such, their pleading is insufficient. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests. See 5 Wright & Miller § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it"). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

### D. PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR RELIEF UNDER THE FDCPA

Moreover, even if this Court were to find sufficient factual allegations in the Complaint to merit the continued prosecution of this action, each of Plaintiffs' five individual causes of action fail on its face. First, Plaintiffs seek to enjoin foreclosure upon a purported violation of the FDCPA. Without any further analysis of their claim, this relief is untenable because injunctive relief is not available under the FDCPA. Johnson v. Fay Servicing, LLC, 1:17-CV-02513-CC-JCF, 2017 WL 8217523, at *1 (N.D. Ga. Oct. 19, 2017). Moreover, Plaintiffs utterly fail to

meet the requisite elements of their claim. "To state a claim under the FDCPA, a plaintiff must establish each of the following elements: (1) that he was the object of "collection activity" arising from "consumer debt"; (2) that the defendant qualifies as a "debt collector" under the FDCPA; and (3) that the defendant engaged in an act or omission prohibited by the FDCPA." *In re Ward*, 583 B.R. 558, 570 (Bankr. S.D. Ga. 2018); *Darrisaw v. Pennsylvania Higher Educ. Assistance Agency (PHEAA)*, 2017 WL 1377719, at *2 (S.D. Ga. Apr. 11, 2017).

Second, Plaintiffs' Complaint fails to establish that any of the Defendants, much less Rubin Lublin, qualifies as a debt collector. If a party is not a debt collector as defined by the FDCPA, the provisions of the Act do not apply. *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1031 (2019). "A debt collector is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *In re Ward*, 583 B.R. 558, 570 (Bankr. S.D. Ga. 2018); 15 U.S.C. § 1692a(6). "To state an FDCPA claim, the Plaintiff must plausibly allege sufficient facts to enable the Court to draw a reasonable inference that the Defendant meets the FDCPA's definition of 'debt collector.'" *Kurtzman v. Nationstar Mortg. LLC*, 709 Fed.Appx. 655, 658–59 (11th

Cir. 2017); *In re Ward*, 583 B.R. 558, 570 (Bankr. S.D. Ga. 2018). As established *supra* Plaintiffs do not plead any facts whatsoever. Accordingly, they fail to establish the second element of their claim.

Finally, Plaintiffs specifically claim that "Defendants are not on compliance […] with the Fair Debt Collection Practices Act (FDCPA) specifically related to failing to send Plaintiffs a written "validation notice" within five days of first contacting Plaintiff". [Doc. 1-1]. By their own admission, the requirement of a validation notice is not triggered until after the point of "first contact." Having failed to allege any facts relating to any communication whatsoever, Plaintiffs cannot establish that any obligation to send any validation notice has arisen and have failed to meet the third element for their claim.

Finally, Plaintiff has failed to allege any damages flowing from the alleged violation and further fails to seek any statutory damages. [Doc. 1-1]. "Absent allegations of actual damages, the Complaint fails to state a claim for relief." *Licona v. Wilmington Sav. Fund Soc'y, FSB*, No. 1:16-CV-2756-AT-CMS, 2016 WL 9275412, at *4 (N.D. Ga. Sept. 26, 2016), *report and recommendation adopted*, No. 1:16-CV-2756-AT, 2016 WL 9308546 (N.D. Ga. Oct. 19, 2016)(citing Renfroe v. Nationstar Mortg., LLC, 822 F.3d 1241, 1246 (11th Cir. 2016).

### D. SIMILARLY, PLAINTIFFS HAVE NOT STATED A VIABLE CLAIM UNDER RESPA

Plaintiffs also assert that Defendants violated Regulations X and Z by failing to evaluate them for loss mitigation options. [Doc. 1-1]. Regulation X of RESPA lays out the rules and regulations that loan servicers must follow upon receipt of a timely loss mitigation application. 12 C.F.R. § 1024.41. Notably, Plaintiffs fail to allege sufficient facts to indicate which, if any of the Defendants, they purport is a loan servicer within the meaning of 12 U.S.C. §2605(i) (defining "servicer" as "the person responsible for servicing of a loan" and "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan ... and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower"). *Thomas v. US Bank Nat'l Ass'n,* 675 Fed. Appx. 892, 899 (11th Cir. 2017).

While throughout the Complaint, Plaintiffs refer to Defendants in the aggregate, Rubin Lublin seems to have been named in this action solely in its capacity as foreclosure counsel for the Defendants. [Doc. 1-1]. Rubin Lublin is not named individually within any paragraphs of the Complaint, and its inclusion is limited to the sole reference in the style of the case. [Doc. 1-1]. There is simply no allegation in the pleading to permit an inference that Rubin Lublin serviced the loan, accepted any payment on the loan, was tendered any payment on the loan, or

11

received any money toward the loan from Plaintiffs whatsoever. [Doc. 1-1]. Without such allegations, the complaint is devoid of any indication that Rubin Lublin qualifies as a loan servicer under RESPA and Plaintiff's claim fails.

In *Licona,* the court also noted that the Plaintiff failed to allege any damages flowing from the alleged violation. "Absent allegations of actual damages, the Complaint fails to state a claim for relief." *Id.* (citing *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1246 (11th Cir. 2016). Accordingly, Defendants respectfully submit that Plaintiff has failed to state a claim under RESPA and their claims should be dismissed.

E.   **PLAINTIFF'S STATE LAW CLAIMS ALSO FAIL**

Lastly, this Court has extended supplemental jurisdiction to Plaintiffs' state law claims for declaratory judgment and breach of fiduciary duty. Under Georgia law, declaratory judgment affords relief from uncertainty with respect to a **future** right. *Avery v. Paulding Cty. Airport Auth.*, 343 Ga. App. 832, 845, 808 S.E.2d 15, 25 (2017), reconsideration denied (Nov. 14, 2017), cert. denied (June 4, 2018). *See also Baker v. City of Marietta,* 271 Ga. 210, 518 S.E. 879, 214 (1999) ("[w]here the party seeking declaratory judgment does not show it is in a position of uncertainty as to an alleged right, dismissal of the declaratory judgment action is proper"); *Center for a Sustainable Coast v. Ga. Dept. of Natural Resources*, 319

Ga. App. 205, 208 (1), 734 S.E.2d 206 (2012), rev'd on other grounds, 294 Ga. 593, 755 S.E.2d 184 (2014); *Henderson*, 217 Ga. at 541, 123 S.E.2d 721; *see also SJN Properties*, 296 Ga. at 802-803 (2) (b) (iii), 770 S.E.2d 832 (summary judgment proper on claim for declaratory relief where claimant failed to show that it faced any uncertainty or insecurity as to any of its own future conduct).

In the present case, Plaintiffs request declaratory relief regarding alleged conduct by the Defendants that occurred in the **past.** [Doc. 1-1]. Specifically, they seek a declaration that "Defendants have been collecting on a debt illegally", that "Defendants did violate Statute of Limitations", and that "Defendants have breached Fiduciary Duties." [Doc. 1-1]. Each of these requested judgments relate to some alleged past action of the conglomerate "Defendants". Plaintiffs do not state any prospective uncertainty upon which this Court can provide them with clarity or direction, because their rights, and the rights of the Defendants, have already accrued. As such, their claim for declaratory judgment is, at its core, a request for an advisory opinion from this Court as to past alleged events; and it too must be dismissed. *Baker at* 214.

Plaintiffs' final claim for Breach of Fiduciary duty must also be dispensed with. [Doc. 1-1]. In evaluating an identical claim in a nearly identical complaint, this Court previously stated the following, which is equally applicable here:

> In Georgia, a claim for breach of fiduciary duty has three elements: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach. Griffin v. Fowler, 579 S.E.2d 848, 850 (Ga. Ct. App. 2003). The Complaint contains only conclusory statements that Defendants breached their fiduciary duties does not contain any factual allegations that identify the existence of a fiduciary duty or confidential relationship between Plaintiff and either Defendant, an act that constituted a breach of that duty, or any resulting damage. Moreover, under Georgia law, a creditor does not owe any heightened or fiduciary duty to a borrower related to a loan. Russell v. Barnett Banks, Inc., 527 S.E.2d 25, 26-27 (Ga. Ct. App. 1999) ("There is ... no confidential relationship between lender and borrower or mortgagee and mortgagor for they are creditor and debtor with clearly opposite interests") (internal citations omitted). Georgia law is clear that a lender and borrower have no fiduciary relationship and deal at arm's length. Baker v. Campbell, 565 S.E. 3d 855, 859-60 (Ga. Ct. App. 2002).

*Licona v. Wilmington Sav. Fund Soc'y, FSB*, No. 1:16-CV-2756-AT-CMS, 2016 WL 9275412, at *4 (N.D. Ga. Sept. 26, 2016), *report and recommendation adopted*, No. 1:16-CV-2756-AT, 2016 WL 9308546 (N.D. Ga. Oct. 19, 2016).

As in *Licona*, Plaintiffs do not establish the existence of any fiduciary duty at issue, and moreover, have not plead any facts at all to support the claim. Thus, the Plaintiff's claim for breach of fiduciary duty must be dismissed.

## **CONCLUSION**

Based on the foregoing, Rubin Lublin respectfully requests that this Court grant its Motion to Dismiss.

Respectfully submitted, this 30th day of September 2019.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar No. 720572)
> COREY R. MENDEL (GA Bar No. 604149)
> **RUBIN LUBLIN, LLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, GA 30071
> (678) 281-2730 (Telephone)
> (404) 921-9016 (Facsimile)
> bchaness@rubinlublin.com
>
> *Attorneys for Rubin Lublin, LLC*

## **FONT CERTIFICATION**

The undersigned counsel hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 30th day of September 2019.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar # 720572)

## CERTIFICATE OF SERVICE

I hereby certify that I have this 30th day of September 2019, served all parties in this matter with the within and foregoing by CM/ECF (registered users only) and by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

John Michael Kearns
Terminus 200, Suite 1200
3333 Piedmont Rd., N.E.
Atlanta, Georgia 30305

Devin B. Phillips
5887 Glenridge Dr., NE, Ste. 275
Atlanta, Georgia 30328

                                     */s/ Bret J. Chaness*
                                     BRET J. CHANESS (GA Bar No. 720572)