# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DANA LYNN ZAHEDI and REZA ZAHEDI, | |
| Plaintiffs, | |
| v. | Civil Action File No.: |
| THE BANK OF NEW YORK MELLON TRUSTEE FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWMBS INC., ALTERNATIVE LOAN TRUST 2006-8T1 MORTGAGE PASS THROUGH CERTIFICATES SERIES 2006-7; BAYVIEW LOAN SERVICING, LLC; and RUBIN LUBLIN, LLC, | 1:19-cv-02291-ELR-JKL |
| Defendants. | |

## PLAINTIFFS' AMENDED COMPLAINT FOR DAMAGES

COME NOW, DANA LYNN ZAHEDI AND REZA ZAHEDI ("Plaintiffs") and files this Amended Complaint for Damages against THE BANK OF NEW YORK MELLON TRUSTEE F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWMBS INC ALTERNATIVE LOAN TRUST 2006-8T1 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-7 ("BNY"), BAYVIEW LOAN SERVICING, LLC ("Bayview"), and RUBIN

1

LUBLIN, LLC ("Rubin")(BNY, Bayview, and Rubin shall collectively be referred to as "Defendants") and in support hereof shows this Court the following:

## AMENDMENT

1. Plaintiffs file this Amended Complaint against Defendants as a matter of course according to Federal Rules of Civil Procedure 15(a)(1)(B).

2. Plaintiffs file this Amended Complaint within twenty-one (21) days of Defendants BNY and Bayview's Motion to Dismiss, filed on September 30, 2019; therefore, Plaintiffs may amend as a matter of course without the opposing party's written consent or this Court's leave.

3. Plaintiffs file this Amended Complaint within twenty-one (21) days of Defendant Rubin's Motion to Dismiss, filed on September 30, 2019; therefore, Plaintiffs may amend as a matter of course without the opposing party's written consent or this Court's leave.

## PARTIES AND JURISDICTION

4. Plaintiffs are residents of the State of Georgia.

5. BNY is a Pennsylvania National Association, is registered to do business in the State of Georgia, and may be served with process via its Registered Agent Peter Lublin located at 3145 Avalon Ridge Place, Suite 100, Peachtree Corners, Georgia, 30071.

6. Bayview is a Delaware limited liability company, is registered to do business in the State of Georgia, and may be served with process via its Registered Agent Corporation Service Company located at 40 Technology Parkway South, Suite 300, Norcross, Georgia.

7. Rubin is a Georgia limited liability company and may be served with process via its Registered Agent Peter Lublin located at 3145 Avalon Ridge Place, Suite 100, Peachtree Corners, Georgia, 30071.

8. On or about May 21, 2019 Defendants BNY and Bayview filed a Notice of Removal from Fulton County Superior Court to this Court (DN 1) and Defendant Rubin consented to the removal of the action; therefore, jurisdiction and venue are proper in this Court.

## FACTS COMMON TO ALL COUNTS

### Procedural History

9. On or about October 31, 2005, Plaintiffs closed a real estate transaction for the purchase of the real property subject to this lawsuit: 3950 Spalding Drive, Atlanta, Georgia 30350 (the "Property").

10. In August 26, 2009, during the financial downturn that drastically impacted the Nation's real estate economy, Plaintiffs began to experience financial hardship and applied for a loan modification with Bank of America, N.A.,

("BOA") Defendant BNY's predecessor-in-interest regarding the security deed filed for record on 11/15/2005, and recorded in Deed Book 41350, Page 300, Fulton County property records (the "Security Deed").

11. During the loan modification process with BOA and its mortgage servicer, BOA required Plaintiffs to pay $6,000.00 a year for flood insurance in addition to Plaintiffs' regular mortgage payment, which caused Plaintiffs significant hardship.

12. Ultimately BOA realized their mistake and advised Plaintiffs via letter that Plaintiffs did not need flood insurance; despite this, BOA never credited the overpayments.

13. BOA is not a party-Defendant to this lawsuit and this information is only plead to support Plaintiffs' allegations that Defendants BNY, Bayview, and Rubin continue to try to collect an inflated, incorrect amount of a debt, a violation of the Fair Debt Collection Practices Act ("FDCPA").

## The 2017 Bankruptcy Action

14. BOA's actions detailed above caused Plaintiffs severe financial hardship, so much so, Plaintiffs were forced to file for bankruptcy protection on or about September 30, 2017 (the "2017 Bankruptcy").

15. During the course of the 2017 Bankruptcy action, Plaintiffs made payments to America's Wholesale Lender (a fictitious name for Countrywide Financial Corp. that also identified itself on correspondence as "New York Corporation"), Bayview's predecessor-in-interest, directly.

16. During the 2017 Bankruptcy Action and as a result of Plaintiffs discussions with Bayview, Plaintiffs authorized BOA to transfer funds to the Bankruptcy Trustee.

17. BOA failed to authorize a transfer of funds from Plaintiffs to Bayview, despite sufficient funds in Plaintiffs' bank account, and as a result the 2017 Bankruptcy Action was dismissed.

### Post-2017-Bankruptcy Mortgage Modification with Bayview

18. Upon learning that Bayview was the new mortgage servicer, Plaintiffs and their Bankruptcy Counsel discussed a mortgage modification with Defendant Bayview.

19. After BOA failed to authorize the transfer of funds from Plaintiffs to Bayview and the dismissal of the 2017 Bankruptcy Action, Plaintiffs attempted to make monthly mortgage payments to Bayview in January and February of 2019.

20. Bayview returned the checks and advised Plaintiffs over the telephone that Plaintiffs' mortgage was in foreclosure.

21. Bayview's returning of Plaintiffs' checks and decision to place the mortgage in foreclosure is based upon improperly calculated arrearages, interest, penalties, and fees; to wit, amounts that include inflated and improper amounts originally charged by BOA.

### Defendants Actions Giving Rise to Plaintiffs' Claims

22. During all oral and written correspondence to Bayview, Plaintiffs advised Bayview that their records of the arrears, interest, and fees on the mortgage were inflated and improper amounts originally charged by BOA.

23. Despite being on notice of the inflated and improper amounts, Bayview sent Plaintiffs a notice of foreclosure sale ("Foreclosure Notice") to occur on May 7, 2019.

24. The Foreclosure Notice that did not include contact information for BNY.

25. On or about April 29, 2019 Plaintiffs filed a verified declaratory judgment and motion for ex parte temporary restraining order (the "Original Complaint") *pro se* against Defendants.

26. On May 6, 2019, the day before the foreclosure was to occur, Judge Emily Richardson of Fulton County Superior Court entered an Order granting temporary restraining order to Plaintiffs to maintain the *status quo* and

restraining Defendants from selling the Property at public auction through June 5, 2019.

27. Defendants filed the notice of removal, effectively removing the above case to this United States District Court for the Northern District of Georgia.

28. Defendant BNY is the successor-in-interest to BOA regarding the Security Deed.

29. Serving as BNY's mortgage servicer, Bayview is an agent of BNY.

30. Serving as legal counsel to Bayview, Rubin is an agent of Bayview.

31. Collectively, Defendants were placed on notice by Plaintiff that BOA charged a premium to Plaintiff for forced-placed flood insurance, admitted the mistake, and did not adjust the amount owed by Plaintiff.

32. Despite this notice, Defendants rejected Plaintiff's January and February monthly mortgage payments.

33. Despite this notice, Defendants sent notice of foreclosure to Plaintiffs and scheduled the foreclosure sale for May 7, 2019.

34. Despite this notice, Defendants, in their communications to Plaintiffs, knowingly made false representations of the amount of the debt.

35. Defendants charging interest, fees, and penalties on arrears they knew to be inaccurate has caused Plaintiffs' financial harm in an amount to be determined at trial.

36. Defendants' actions have caused Plaintiffs to incur unnecessary legal costs including reasonable attorney's fees.

## COUNT I: VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")
**(Against All Defendants)**

37. Plaintiffs restate allegations contained in Paragraphs 1 through 36 of their Amended Complaint as if set forth fully herein.

38. Defendant BNY is debt collector under the FDCPA because BNY is a creditor who, in the process of collecting its own debts, uses a name other than its own to indicate that a third person is collecting or attempting to collect such debts.

39. Defendant Bayview is a debt collector under the FDCPA because it uses the mail for the purpose of collection of debts, directly and indirectly, debts owed or due to another.

40. Defendant Rubin is a debt collector under the FDCPA because it uses the mail for the purpose of collection of debts, directly and indirectly, debts owed or due to another.

41. Plaintiffs are the object of Defendants debt collection activity: to wit, Defendants rejected Plaintiff's January and February monthly mortgage payments, sent notice of foreclosure to Plaintiffs and scheduled the foreclosure sale for May 7, 2019.

42. Defendants, in their communications to Plaintiffs, knowingly made false representations of the amount of the debt; specifically, Defendants knowingly attempted and are attempting to collect an amount that bears interest, fees, and penalties on arrears Defendants know to be inaccurate.

43. Due to Defendants' actions, Plaintiffs have suffered damages as a result of severe emotional and physical distress in an amount to be determined at trial.

44. Under the FDCPA, Plaintiffs may be entitled to their attorney's fees and cost in an amount to be determined at trial.

## COUNT II: WRONGFUL FORECLOSURE
**(Against All Defendants)**

45. Plaintiffs restate allegations contained in Paragraphs 1 through 44 of their Amended Complaint as if set forth fully herein.

46. In Georgia, a wrongful foreclosure claim may be asserted even though a debt is in default and it may be based upon fraud, intentional tort, negligence, breach of contract by the creditor, or intentional failure to comply with a statutory duty.

47. Defendants have a statutory duty to Plaintiffs to exercise the power of sale fairly and in a good faith.

48. Defendants breached a duty to Plaintiffs when they knowingly made false representations of the amount of the debt and pursued foreclosure based on those false representations.

49. Due to Defendants' breach of duty to Plaintiffs and Defendants' wrongful foreclosure, Plaintiffs have suffered physical and emotional damages.

50. As a result of Defendants' wrongful foreclosure, Plaintiffs have incurred attorney's fees and expenses to bring the Original Complaint and file this Amended Complaint.

### COUNT III: ATTORNEY'S FEES PURSUANT TO O.C.G.A. § 13-6-11
**(Against All Defendants)**

51. Plaintiffs restate allegations contained in Paragraphs 1 through 50 of their Amended Complaint as if set forth fully herein.

52. Defendants actions as described herein have been in bad faith, have caused Plaintiffs unnecessary trouble and expense, and have shown stubborn litigiousness, and as a result thereof, Plaintiffs should be entitled to recover their expenses of litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for the following relief from this Court:

1) Plaintiffs be awarded judgment on their claim for Defendants' Violation of the Fair Debt Collection Practices Act and damages for Plaintiffs' emotional and physical damages and attorney's fees;

2) Plaintiffs be awarded judgment on their claim for Defendants' Wrongful Foreclosure and damages for Plaintiffs' financial and emotional damages and attorney's fees;

3) Plaintiffs be awarded their reasonable attorney's fees from all Defendants and court costs pursuant to O.C.G.A. § 13-6-11;

4) Judgment be entered in favor of Plaintiffs against all Defendants in accordance with the evidence presented at trial and applicable law; and

5) Plaintiffs be awarded such other relief as this Court deems just.

Respectfully submitted this 15th day of October, 2019.

                                  **WEENER & NATHAN, LLP**

                                  <u>Devin B. Phillips</u>
                                  Devin B. Phillips
                                  Georgia Bar No.: 189782
                                  *Attorney for Plaintiffs*

5887 Glenridge Drive, NE
Suite 275
Atlanta, Georgia 30328
Telephone: (770) 392-9004
Facsimile: (770) 522-9004
Email: dphillips@wnllp.com

## CERTIFICATION OF TYPE SIZE COMPLIANCE

Pursuant to Local Rule 5.1C, ND Ga. and Standing Order No. 04-01, the foregoing pleading is prepared in Times New Roman, 14-point.

## CERTIFICATE OF SERVICE

I certify that I have this day electronically filed this Response to Motion to Dismiss using CM/ECF system which will automatically send email notification to the following attorneys of record:

John Kearns, Esq.
Aaron Wagner, Esq.
Locke Lord, LLP
3333 Piedmont Rd, NE
Terminus 200, Suite 1200
Atlanta, GA 30305
john.kearns@lockelord.com; aaron.wagner@lockelord.com
*Attorneys for Defendants The Bank of New York Mellon and Bayview Loan Servicing*

Bret Chaness, Esq.
Corey Rothschild Mendel, Esq.
Rubin Lublin, LLC
3145 Avalon Ridge Pkwy, Suite 100
Peachtree Corners, GA 30071
bchaness@rubinlublin.com; crothschild@rubinlublin.com
*Defendant Rubin Lublin, LLC*

**This** 15th day of October, 2019.

Respectfully submitted,

**WEENER & NATHAN LLP**

/s/ Devin B. Phillips
Devin B. Phillips
Georgia Bar No.: 189782
*Attorney for Plaintiffs*

5887 Glenridge Drive, NE
Suite 275
Atlanta, Georgia 30328
Telephone: (770) 392-9004
Fax: (770) 522-9004
Email: dphillips@wnllp.com