IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANA LYNN ZAHEDI AND REZA ZAHEDI, <br><br> Plaintiffs, <br><br> v. <br><br> THE BANK OF NEW YORK MELLON TRUSTEE FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWMBS, INC., ALTERNATIVE LOAN TRUST 2006-8T1 MORTGAGE PASS THROUGH CERTIFICATES SERIES 2006-7, BAYVIEW LOAN SERVICING, LLC, and RUBLIN LUBLIN, LLC, <br><br> Defendants. | Civil No.: 1:19-cv-02291-ELR-JKL |

**MEMORANDUM OF LAW IN SUPPORT
OF RUBIN LUBLIN'S MOTION TO DISMISS AMENDED COMPLAINT**

COMES NOW, Rubin Lublin, LLC ("Rubin Lublin") and files its Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), respectfully showing this Honorable Court as follows:

1

## STATEMENT OF FACTS

**A.   TITLE TO THE PROPERTY**

The instant action is nothing more than the latest effort by serial litigants seeking avoid foreclosure of their home despite failing to satisfy their mortgage obligation.  On August 23, 2005, Dana Lynn Zahedi ("Ms. Zahedi") obtained title to the property located at 3950 Spalding Drive, Atlanta, Georgia 30350 (the "Property") via a Limited Warranty Deed recorded on August 29, 2005, in Book 40746, Page 582, Fulton County, Georgia Records (the "Warranty Deed").[1] [Doc. 15, ¶ 9]. A true and correct copy of the Warranty Deed is attached hereto as **Exhibit "A"**.  To finance the purchase of the Property, Plaintiffs obtained a loan in the amount of $465,000.00 and secured the debt with a Security Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for America's Wholesale Lender ("MERS")[2]. [Doc. 15, ¶ 10]. The Security Deed was recorded at Deed Book 41350, Page 300, Fulton County, Georgia records. A true and correct copy of the Security Deed, which has been redacted to remove privacy protected

---

[1] This Court may take judicial notice of documents referenced in the Complaint that are matters of public record. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1990) (permitting consideration of public records at the motion to dismiss stage under Fed.R.Evid. 201).

[2] The Amended Complaint references the Security Deed in conjunction with its description of a Loan Modification Agreement between Plaintiffs and Bank of America who was the assignee of the Security Deed at the time the Loan Modification was executed.

information, is attached hereto as **Exhibit "B"**. The Security Deed names only Dana Lynn Zahedi as a Borrower. *See* Ex. A at p. 1.

On July 25, 2007 Ms. Zahedi executed a Quitclaim Deed into herself and Reza Zahedi, via the Quit-Claim Deed recorded on August 22, 2007, at Deed Book 45574, Page 452, Fulton County, Georgia records (the "Quit Claim Deed"). On March 5, 2011, Ms. Zahedi executed a Loan Modification agreement with BAC Home Loans Servicing, LP, recorded On May 3, 2011 at Book 50043, Page 75, Fulton County, Georgia records (the "Loan Modification"). The Security Deed was last assigned to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders of CWMBS, Inc., Alternative Loan Trust 2006-8TI, Mortgage Pass-Through Certificates, Series 2006-7, via the Corporate Assignment recorded on July 22, 2014 at Deed Book 54001, Page 289, Fulton County, Georgia records (the "Assignment"). A true and correct copy of the Assignment, which has been redacted to remove privacy protected information, is attached as **Exhibit "C"**.

Plaintiffs filed this action on April 29, 2019 in the Superior Court of Fulton County, Georgia, Civil Action Number 2019CV320376. [Doc. 1-1]. Following Removal to this Court, Rubin Lublin filed a Motion to Dismiss in this Court. [Doc. 14]. On October 15, 2019, Plaintiffs filed their Amended Complaint as a matter of

course pursuant to Fed. R. Civ. P. 15. [Doc. 15]. The Amended Complaint seeks relief against Rubin Lublin, Bayview Loan Servicing, LLC ("Bayview"), and The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificate Holders of CWMBS, Inc., Alternative Loan Trust 2006-8T1 Mortgage Pass Through Certificates Series 2006-7 ("Bank of New York"), for purported violations of the Fair Debt Collection Practices Act ("FDCPA"), wrongful foreclosure, and for additional damages under Georgia law. [Doc. 15].

In support of these claims, Plaintiffs' Amended Complaint sets forth a series of factual allegations relating almost entirely to purported servicing errors by Bank of America, a non-party prior servicer of their Security Deed. [Doc. 15, ¶¶ 10-21]. Specifically, they claim that various actions by that Bank of America "required Plaintiffs to pay $6,000.00 a year for flood insurance [, and that while Bank of America ultimately] realized their mistake [… Plaintiffs were] never credited the overpayments. [Doc. 15, ¶¶ 11-12]. Plaintiffs then assert that Bank of America's alleged mistakes "forced [them] to file for bankruptcy protection on or about September 30, 2017." [Doc. 15, ¶ 14]. Further confusing matters, Plaintiffs attribute the dismissal of their bankruptcy to Bank of America's failure "to authorize a transfer of funds from Plaintiffs to Bayview" [¶ 17], despite admitting

in the preceding paragraph that they had not authorized such a transfer. [Doc. 15, ¶¶ 16-19].

After admitting that their failure to correctly make payments within their bankruptcy had resulted in the bankruptcy's dismissal in January of 2019, Plaintiffs claim that they attempted to make two payments to Bayview pursuant to the Security Deed. [Doc. 15, ¶ 19]. Notably, Plaintiffs do not allege that they had cured the default that had resulted from their failure to make payments throughout their bankruptcy. [Doc. 15]. Plaintiffs conclude their factual recitation, with an inexplicable attempt to attribute wrongdoing to the Defendants in this action, that is completely unsupported by their own narrative. [Doc. 15, ¶ 36]. Their claims in the Amended Complaint rely entirely upon the erroneous conclusion that they are entitled to relief despite their failure to pay their mortgage or to set forth any claims against the parties to this action. As such, the operative complaint fails to state a claim upon which relief can be granted and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENT AND CITATION TO AUTHORITY

A.  **STANDARD OF REVIEW**

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

**B.     PLAINTIFFS' CLAIM UNDER THE FDCPA FAILS ON ITS FACE**

As an initial matter, Plaintiffs' claim under the FDCPA fails as a matter of law. "To state a claim under the FDCPA, a plaintiff must establish each of the following elements: (1) that he was the object of "collection activity" arising from "consumer debt"; (2) that the defendant qualifies as a "debt collector" under the FDCPA; and (3) that the defendant engaged in an act or omission prohibited by the FDCPA." *In re Ward*, 583 B.R. 558, 570 (Bankr. S.D. Ga. 2018); *Darrisaw v. Pennsylvania Higher Educ. Assistance Agency (PHEAA)*, 2017 WL 1377719, at *2 (S.D. Ga. Apr. 11, 2017).

In their Amended Complaint, Plaintiffs attempt to restate the definition of debt collector under the FDCPA. [Doc. 15, ¶¶ 38-40]. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *In re Ward*, 583 B.R. 558, 570 (Bankr. S.D. Ga. 2018); 15 U.S.C. § 1692a(6). "To state an FDCPA claim, the Plaintiff must plausibly allege sufficient facts to enable the Court to draw a reasonable inference that the Defendant meets the FDCPA's definition of 'debt collector.'" *Kurtzman v. Nationstar Mortg. LLC*, 709 Fed.Appx. 655, 658–59 (11th Cir. 2017); *In re Ward*, 583 B.R. 558, 570 (Bankr. S.D. Ga. 2018).

Here, Plaintiffs state that "Defendant Rubin is a debt collector under the FDCPA because it uses the mail for the purpose of collection of debts, directly and indirectly, debts owed or due to another [sic]." [Doc. 15, ¶ 40]. Importantly, this conclusion is completely unsupported by any allegation regarding Rubin Lublin's use of the mail, or any collection activity whatsoever. [Doc. 15]. Plaintiffs fail to allege any facts whatsoever regarding any communication by mail, or otherwise with Rubin Lublin. [Doc. 15].

Moreover, while the Amended Complaint limits the subject of Plaintiffs' FDCPA claim to an incorrect amount of debt on the notice of foreclosure, they do not allege any action by Rubin Lublin that relates to the notice. [Doc. 15, ¶¶ 23, 37-44]. Instead they claim that "Bayview sent Plaintiffs a notice of foreclosure sale." [Doc. 15, ¶23]. Nevertheless, they seek relief against all of the named Defendants for purportedly making "false representations of the amount of the debt; specifically, Defendants knowingly attempted and are attempting to collect [a debt]", [Doc. 15, ¶ 42]. Without any facts to support a claim under the FDCPA against Rubin Lublin, Plaintiffs' generalized and conclusory statements fail to plead a sufficient claim.

Moreover, to the extent that Plaintiffs impermissibly seek damages for some unspecified emotional and physical distress related to their failed FDCPA claim, such relief is not permitted under the FDCPA. Pursuant to 15 U.S.C. § 1692k(a)(1)-(2), a plaintiff can recover "any actual damage" and "such additional [statutory] damages as the court may allow, but not exceeding $1,000." "In contrast to statutory damages, a defendant is not strictly liable for actual damages, and a plaintiff who does not plead or prove any specific loss will not recover actual damages under the FDCPA." *Soren v. Equable Ascent Fin., LLC*, No. 2:12-cv-00038, 2012 WL 2317362, at *3 (D. Utah June 18, 2012) (citing *Emanuel v. Am.*

8

*Credit Exch.*, 870 F.2d 805, 805 (2d Cir. 1989)); *see also Hazell v. Bank of Am., N.A.*, No. 1:12-cv-1707-JEC-JSA, [Doc. 34] at p. 27 (N.D. Ga. Dec. 14, 2012) (citing *Emanuel*, 870 F.2d at 809), *report and recommendation adopted at* [Doc. 37] (N.D. Ga. Jan. 4, 2013). Conclusory allegations will not suffice to show actual damages, and *specific* damages must be pleaded. *Id.* Here, Plaintiffs allege that they "have suffered damages as a result of severe emotional and physical distress in an amount to be determined at trial." [Doc. 15, ¶ 43]. This claim does not constitute actual damages, nor does it meet the requisite level of specificity regarding the nature of their purported injury and the amount related to it.

As Plaintiffs have completely failed to demonstrate any actual damages, and to properly plead a claim under the FDCPA, their claim fails as a matter of law. In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## C. PLAINTIFFS' STATE LAW CLAIMS ARE SIMILARLY DEFICIENT

Additionally, while Plaintiffs allege state law claims for wrongful foreclosure and seek the remedy of attorney's fees, their efforts fail as a matter of law. In Georgia, the existence of a foreclosure sale is a necessary precondition for a Plaintiff asserting a claim for wrongful foreclosure-- where no foreclosure has taken place, such a claim must fail. *Smith-Tyler v. Bank of Am., N.A.,* 992 F. Supp. 2d 1277, 1281 (N.D. Ga. 2014); *Jenkins v. McCalla Raymer, LLC,* 492 Fed. Appx. 968, 972 (11th Cir. 2012). Here, Plaintiffs admit that the foreclosure at issue in this action was cancelled prior to any sale. [Doc. 15, ¶ 26]. Further, they do not allege that any sale was subsequently rescheduled, or that it occurred. [Doc. 15]. Without such allegations Plaintiffs fail to meet the minimum requirements to bring their claim. *Jeffrey v. U. S. Bank Nat'l Ass'n for Structured Asset Inv. Loan Tr. Mortgage Pass Through Certificates Series 2004-2 & McCalla Raymer Leibert Pierce*, LLC, 1:17-CV-3751-TCB-LTW, 2018 WL 3702456, at *6 (N.D. Ga. May 29, 2018), *report and recommendation adopted sub nom. Jeffrey v. U.S. Bank Nat'l Ass'n*, 1:17-CV-3751-TCB, 2018 WL 3702429 (N.D. Ga. June 20, 2018); *Ligon v. BAC Home Loans Serv., LP.,* No. 1:11-CV-3811-RWS, 2012 WL 4464946, at *1 (N.D. Ga. Sept. 25, 2012); *Mayrant v. Deutsche Bank Trust Co. Americas*, No. 1:10-CV-3094-TWT, 2011 WL 1897674, at *2 (N.D. Ga. May 17, 2011). As such,

Plaintiffs' count for wrongful foreclosure fails for want of an actual foreclosure and their second count must be dismissed in its entirety.

Having dispensed with both independent causes of action in the Complaint, Plaintiffs efforts to recover attorney's fees under O.C.G.A. § 13-6-11 lack the necessary foundation to continue. In Georgia, § 13-6-11, is a remedy and not an independent claim. [It] ... merely establishes the circumstances in which a plaintiff may recover the expenses of litigation as an additional element of damages." *In re Ellerbee,* 177 B.R. 731, 746 (Bankr. N.D. Ga. 1995) (*Citing Brown v. Baker,* 197 Ga.App. 466, 467, 398 S.E.2d 797 (1990)). A party seeking attorney's fees under § 13-6-11 must have "an underlying claim" to support an award of fees. *Gilmour v. Am. Nat'l Red Cross*, 385 F.3d 1318, 1324 (11th Cir. 2004). As addressed above each of the Plaintiffs claims in this action fail as a matter of law and their Amended Complaint does not set forth any viable claim for relief. Accordingly, Plaintiffs' Amended Complaint fails as a whole and must be dismissed.

E. **PLAINTIFFS HAVE ALLEGED NO CLAIMS AS TO RUBIN LUBLIN**

Finally, even if Plaintiffs' Amended Complaint survives as whole, Plaintiffs have failed to bring any allegations against Rubin Lublin to support the law firm's continued participation in this action. [Doc. 15]. To survive a 12(b)(6) Motion, a complaint is analyzed to see if it states a plausible claim for relief on its face.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In the instant matter, despite averring that each of the claims has been brought "(Against All Defendants)[,]" Plaintiffs make only two substantive references to Rubin Lublin in the entire pleading. [Doc. 15, ¶¶ 30, 40].

First, in paragraph 30 Plaintiffs aver that Rubin Lublin "[s]erv[es] as legal counsel to Bayview, [and] is an agent of Bayview." [Doc. 15, ¶ 30]. Couched beneath a header "Defendants [sic] Actions Giving Rise to Plaintiffs' Claims" this averment is confusing for several reasons. First, as a practical matter, Rubin Lublin is not legal counsel for Bayview in this action, a fact which is made abundantly clear by each of Bayview's previous filings into the docket. [*See* Docs. 1, 2, 3, 8, 10, 13]. Second, even if Rubin Lublin served as Bayview's counsel in this action, the existence of an attorney client relationship is completely irrelevant to any purported violation of Plaintiffs' rights. As such the facts as alleged do not permit the court to infer even the mere possibility of misconduct by Rubin Lublin, and the complaint fails to demonstrate that Plaintiffs' are entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The second, and last, reference to Rubin Lublin appears in Paragraph 40 of the Amended Complaint beneath Plaintiffs' count for alleged "Violation of the Fair Debt Collection Practices Act." As addressed in more detail in section B *supra,*

Plaintiffs have not alleged facts to support the inclusion of Rubin Lublin in relation to this claim. Accordingly, having failed to allege any acts, omissions, infringements, or violations of rights by Rubin Lublin, Plaintiffs Amended Complaint fails to bring a good claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rubin Lublin is wholly without "fair notice of what the ... claim [against it] is and the grounds upon which [it] rests". *Id.* Plaintiffs' Amended Complaint must be dismissed.

## CONCLUSION

Based on the foregoing, Rubin Lublin respectfully requests that this Court grant its Motion to Dismiss.

Respectfully submitted, this 29th day of October 2019.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar No. 720572)
> COREY R. MENDEL (GA Bar No. 604149)
> **RUBIN LUBLIN, LLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, GA 30071
> (678) 281-2730 (Telephone)
> (404) 921-9016 (Facsimile)
> bchaness@rubinlublin.com
>
> *Attorneys for Rubin Lublin, LLC*

## FONT CERTIFICATION

The undersigned counsel hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 29th day of October 2019.

                                              */s/ Bret J. Chaness*
                                              BRET J. CHANESS (GA Bar # 720572)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 29th day of October 2019, served all parties in this matter with the within and foregoing by CM/ECF (registered users only) and by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

John Michael Kearns
Terminus 200, Suite 1200
3333 Piedmont Rd., N.E.
Atlanta, Georgia 30305

Devin B. Phillips
5887 Glenridge Dr., NE, Ste. 275
Atlanta, Georgia 30328

                                  */s/ Bret J. Chaness*
                                  BRET J. CHANESS (GA Bar No. 720572)