## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **DANA LYNN ZAHEDI and** | : | |
| **REZA ZAHEDI,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **Civil Action File No.:** |
| | : | |
| **THE BANK OF NEW YORK MELLON** | : | **1:19-cv-02291-ELR-JKL** |
| **TRUSTEE FKA THE BANK OF NEW** | : | |
| **YORK, AS TRUSTEE FOR THE** | : | |
| **CERTIFICATE HOLDERS OF CWMBS** | : | |
| **INC., ALTERNATIVE LOAN TRUST** | : | |
| **2006-8T1 MORTGAGE PASS** | : | |
| **THROUGH CERTIFICATES SERIES** | : | |
| **2006-7; BAYVIEW LOAN SERVICING,** | : | |
| **LLC; and RUBIN LUBLIN, LLC,** | : | |
| | : | |
| **Defendants.** | : | |

## PLAINTIFFS' RESPONSE TO DEFENDANT RUBIN LUBLIN, LLC'S MOTION TO DISMISS

COME NOW, Reza and Dana Zahedi, Plaintiffs in the above-referenced action and file this Response to Defendant Rubin Lublin, LLC's ("Rubin") motion to dismiss Plaintiffs' amended complaint (CMF No. 20) and in support hereof show this Court the following:

1

## **RESPONSE**

Plaintiffs file this Response to Defendant Rubin's motion to dismiss and request that this Court deny Defendant's motion because it is *moot*. Plaintiffs filed a motion for leave to file a second amended complaint contemporaneously herewith (the "Motion for Leave"). A true and accurate copy of the Motion for Leave, including a proposed second amended complaint is attached hereto as Exhibit "A". The Motion for Leave is filed in a timely manner and as a matter of course according to Federal Rules of Civil Procedure 15(a)(2). For the reasons detailed herein, the allegations and claims in the Second Amended Complaint render Defendant's Motion moot.

For a brief procedural history, Plaintiffs' original complaint was filed in the Superior Court of Fulton County, Case No. 2019CV320376 (the "Original Complaint"). The Original Complaint was filed by Plaintiffs' acting *pro se*. As a result, Plaintiffs' Original Complaint allegations are couched as a sole claim for declaratory judgment. Subsequent to filing the Original Complaint, Plaintiffs hired the undersigned to work in good faith with all Defendants to achieve a loan modification while the above case remained pending. Plaintiffs and Defendants failed to reach a good faith resolution, and Defendant Rubin then moved this Court to dismiss the case with prejudice. Plaintiffs filed their First Amended Complaint on

2

October 15, 2019 (CMF No. 15). On October 16, 2019 this Court entered an Order denying Rubin's Motion to Dismiss Plaintiffs' Original Complaint as *moot*.

In their Motion to Dismiss  Plaintiffs' First Amended Complaint, Defendant Rubin states that Plaintiffs' First Amended Complaint fails to meet minimum requirements to bring their State claims for wrongful foreclosure; specifically, because the foreclosure did not actually proceed and has not yet been rescheduled Plaintiffs fail to meet the minimum requirements to bring such a claim. As an initial matter, the *only* reason the foreclosure did not proceed was due to Plaintiffs' timely-filed, and Fulton County Superior Court's Order granting, Motion for Ex Parte Temporary Restraining Order.

Plaintiffs' Second Amended Complaint now alleges, among other facts in support of its Wrongful Foreclosure claim, that all Defendants, including Rubin, utterly failed to send *any* written notice of BNY's intent to foreclose via the power of sale provision in the Security Deed, which is required by Georgia law.

Regarding Plaintiffs' Motion for Leave, Under Rule 15(a), leave to amend shall be "freely give[n] when justice so requires." This policy is supported by the Supreme Court's statement in *Foman v.  Davis* that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [s]he ought to be afforded an opportunity to test [her]  claim on the merits."

3

Should the Court grant Plaintiffs' Motion for Leave, it must treat all well-plead allegations of the Second Amended Complaint as true; therefore, upon this Court's entry of an order granting Plaintiffs' Motion for Leave filed contemporaneously herewith, Defendant Rubin's Motion to Dismiss Plaintiffs' First Amended Complaint must be denied as moot.

Respectfully submitted this 12th day of November, 2019.

**WEENER & NATHAN, LLP**

Devin B. Phillips
Devin B. Phillips
Georgia Bar No.: 189782
*Attorney for Plaintiffs*

5887 Glenridge Drive, NE
Suite 275
Atlanta, Georgia 30328
Telephone: (770) 392-9004
Facsimile: (770) 522-9004
Email: dphillips@wnllp.com

## <u>CERTIFICATE OF COMPLIANCE AND SERVICE</u>

Pursuant to Local Rule 7.1D, counsel hereby certifies that *Plaintiffs' Response to Defendant Rubin Lublin's Motion to Dismiss* has been prepared using Times New Roman 14-point font, as approved by Local Rule 5.1C. I further certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notice of such filing to the following attorneys of record:

John Kearns, Esq.
Aaron Wagner, Esq.
Locke Lord, LLP
3333 Piedmont Rd, NE
Terminus 200, Suite 1200
Atlanta, GA 30305
john.kearns@lockelord.com; aaron.wagner@lockelord.com
*Attorneys for Defendants The Bank of New York Mellon and Bayview Loan*
*Servicing*

Bret Chaness, Esq.
Corey Rothschild Mendel, Esq.
Rubin Lublin, LLC
3145 Avalon Ridge Pkwy, Suite 100
Peachtree Corners, GA 30071
bchaness@rubinlublin.com; crothschild@rubinlublin.com
*Defendant Rubin Lublin, LLC*

**This** 12th day of November, 2019.

5

Respectfully submitted,

**WEENER & NATHAN LLP**

/s/ Devin B. Phillips
Devin B. Phillips
Georgia Bar No.: 189782
*Attorney for Plaintiffs*

5887 Glenridge Drive, NE
Suite 275
Atlanta, Georgia 30328
Telephone: (770) 392-9004
Fax: (770) 522-9004
Email: dphillips@wnllp.com

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **DANA LYNN ZAHEDI and** | : | |
| **REZA ZAHEDI,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **Civil Action File No.:** |
| | : | |
| **THE BANK OF NEW YORK MELLON** | : | **1:19-cv-02291-ELR-JKL** |
| **TRUSTEE FKA THE BANK OF NEW** | : | |
| **YORK, AS TRUSTEE FOR THE** | : | |
| **CERTIFICATE HOLDERS OF CWMBS** | : | |
| **INC., ALTERNATIVE LOAN TRUST** | : | |
| **2006-8T1 MORTGAGE PASS** | : | |
| **THROUGH CERTIFICATES SERIES** | : | |
| **2006-7; BAYVIEW LOAN SERVICING,** | : | |
| **LLC; and RUBIN LUBLIN, LLC;** | : | |
| | : | |
| **Defendants.** | : | |

## PLAINTIFFS' MOTION FOR LEAVE OF COURT
## TO FILE SECOND AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure 15(a)(2) and 19, Plaintiffs file

this *Motion for Leave of Court to File Second Amended Complaint.* In support of

their motion, Plaintiffs shows the Court as follows:

### I.      Factual Background

Plaintiffs filed their first Verified Complaint *pro se* on April 29, 2019 in the

Superior Court of Fulton County, a petition for declaratory judgment and Motion for

1

Ex Parte Temporary Restraining Order. Upon the Superior Court's hearing of the Motion on May 6, 2019, the Superior Court entered a restraining order against Defendants BNY, Bayview, and Rubin. Then, on May 21, 2019, Defendants BNY and Bayview filed a notice of removal to this Court, and Defendant Rubin consented. CMF No. 1. The Parties agreed to extend all Defendants time to respond to the Complaint while the Parties worked on a loan modification application. CMF No's. 6, 8, 10, and 12, all of which were granted.

On September 30, 2019, Defendants BNY, Bayview, and Rubin filed motions to dismiss for failure to state a claim. Respectively, CMF No's 13, 14. On October 15, 2019, Plaintiffs filed their first amended complaint for damages. CMF No. 15. On October 16, 2019, this Court entered an Order denying Defendants' motion to dismiss as moot. CMF No. 18.

Now Plaintiffs file this Motion for Leave to File a Second Amended Complaint; specifically, to file a Second Amended Complaint that clarifies the allegations plead in the first amended complaint against original Defendants BNY, Bayview, and Rubin and adds a claim for breach of contract against BNY and fraud against BNY and Bayview. The Second Amended Complaint also purports to add party Defendant Bank of America.

Plaintiffs requested in writing that Defendants BNY, Bayview, and Rubin

consent to this Motion for Leave. Defendants denied this request. Plaintiffs now seeks leave from the Court to file their Second Amended Complaint, attached hereto as **Exhibit "A"**.

## II.   Legal Standard

Under Rule 15(a), leave to amend shall be "freely give[n] when justice so requires." This policy is supported by the Supreme Court's statement in *Foman v. Davis* that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [s]he ought to be afforded an opportunity to test [her] claim on the merits." 371 U.S. 178, 182, (1962). Even though the decision whether to grant or deny leave to amend is within the discretion of the District Court, leave should only be denied for reasons such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the opposing party, or futility. *Id*. "Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999).

Under Rule 19, a party that is subject to service of process and whose joinder will not deprive the court of jurisdiction over subject matter of the action shall be joined as a party in if in that party's absence complete relief cannot be accorded

among those already parties. A party is considered "necessary" to the action if the court determines that complete relief cannot be granted with the present parties. *Laker Airways Inc., v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999). "A joint tortfeasor is considered 'necessary' when the absent party 'emerges as an active participant' in the allegations made in the complaint that are 'critical to the disposition of the important issues in the litigation.'" *Id. quoting Haas v. Jefferson National Bank*, 442 F.2d 394 (5th Cir. 1971).

### III.    Argument

Plaintiffs' Motion satisfies the liberal amendment standard of Rule 15. Plaintiffs' Motion and attached Exhibit A satisfies that Bank of America Corporation is a necessary, indispensable party to this action. Plaintiffs' Second Amended Complaint is not filed with undue delay or with dilatory motive, as they file this Motion within 21 days of Defendants Rubin's and BNY and Bayview's respective second motions to dismiss. CMF No's. 20, 22 respectively. Further, no scheduling order has been entered in this matter. Moreover, Plaintiffs do not seek to amend their Complaint in bad faith because Plaintiffs only now amend their Complaint after Defendants raised the point that Bank of America's actions make up a majority of allegations plead by Plaintiffs in their Complaint.

Furthermore, permitting Plaintiffs to file their Second Amended Complaint

does not result in undue prejudice against any Defendants and is not futile, as Plaintiffs seek leave to amend and clarify allegations supporting their original claims and to add claims against a third party that arise out of the same operative facts. Exhibit A.

In addition to this Motion satisfying the liberal amendment standard of Rule 15, Bank of America must be joined as a party because without their joinder complete relief cannot be accorded among those already parties to this lawsuit. Per the allegations in Plaintiffs' First and Second Amended Complaint, Bank of America is a joint tortfeasor in that Bank of America's actions during the time period Bank of America serviced the mortgage harmed the Plaintiffs financially and those tortious actions producing injury have continued with its successor Bayview. Bank of America was an active participant in the allegations in the Complaint; therefore, Bank of America is considered 'necessary' because its conduct described in the allegations of the complaint shows Bank of America as an active participant in facts that are critical to the disposition of the important issues in the litigation.

## IV.    Conclusion

In accordance with the above, Plaintiffs respectfully request that this Court grant this Motion for Leave to File Second Amended Complaint and Plaintiffs shall file their Second Amended Complaint, attached as Exhibit A to this Motion,

immediately upon entry of the Court's entry of the proposed Order attached hereto as **Exhibit "B"**.

Further, Plaintiffs respectfully request that the Second Amended Complaint be served upon new party Defendant Bank of America upon granting of Plaintiffs' Motion.

Respectfully submitted, this November 12, 2019.

**WEENER & NATHAN, LLP**

/s/ Devin B. Phillips
Devin B. Phillips
Georgia Bar No.: 189782
*Attorney for Plaintiffs*

5887 Glenridge Drive, NE
Suite 275
Atlanta, Georgia 30328
Telephone: (770) 392-9004
Facsimile: (770) 522-9004
Email: dphillips@wnllp.com

## CERTIFICATE OF COMPLIANCE AND SERVICE

Pursuant to Local Rule 7.1D, counsel hereby certifies that *Plaintiffs' Motion for Leave to File Second Amended Complaint for Damages* has been prepared using Times New Roman 14-point font, as approved by Local Rule 5.1C. I further certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notice of such filing to the following attorneys of record:

John Kearns, Esq.
Aaron Wagner, Esq.
Locke Lord, LLP
3333 Piedmont Rd, NE
Terminus 200, Suite 1200
Atlanta, GA 30305
john.kearns@lockelord.com; aaron.wagner@lockelord.com
*Attorneys for Defendants The Bank of New York Mellon and Bayview Loan Servicing*

Bret Chaness, Esq.
Corey Rothschild Mendel, Esq.
Rubin Lublin, LLC
3145 Avalon Ridge Pkwy, Suite 100
Peachtree Corners, GA 30071
bchaness@rubinlublin.com; crothschild@rubinlublin.com
*Defendant Rubin Lublin, LLC*

**This** 12th day of November, 2019.

/s/ Devin B. Phillips
Devin B. Phillips
Georgia Bar No.: 189782
*Attorney for Plaintiffs*

**Weener & Nathan LLP**
5887 Glenridge Drive, NE
Suite 275
Atlanta, Georgia 30328
Telephone: (770) 392-9004
Fax: (770) 522-9004
Email: dphillips@wnllp.com

# EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **DANA LYNN ZAHEDI and** | : | |
| **REZA ZAHEDI,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **Civil Action File No.:** |
| | : | |
| **THE BANK OF NEW YORK MELLON** | : | **1:19-cv-02291-ELR-JKL** |
| **TRUSTEE FKA THE BANK OF NEW** | : | |
| **YORK, AS TRUSTEE FOR THE** | : | |
| **CERTIFICATE HOLDERS OF CWMBS** | : | |
| **INC., ALTERNATIVE LOAN TRUST** | : | |
| **2006-8T1 MORTGAGE PASS** | : | |
| **THROUGH CERTIFICATES SERIES** | : | |
| **2006-7; BAYVIEW LOAN SERVICING,** | : | |
| **LLC; and RUBIN LUBLIN, LLC,** | : | |
| **BANK OF AMERICA CORPORATION** | : | |
| | : | |
| **Defendants.** | : | |

## PLAINTIFFS' VERIFIED SECOND AMENDED
## COMPLAINT FOR DAMAGES

COME NOW, DANA LYNN ZAHEDI AND REZA ZAHEDI ("Plaintiffs")

and files this Verified Second Amended Complaint for Damages against THE

BANK OF NEW YORK MELLON TRUSTEE F/K/A THE BANK OF NEW

YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWMBS INC

ALTERNATIVE LOAN TRUST 2006-8T1 MORTGAGE PASS THROUGH

1

CERTIFICATES, SERIES 2006-7 ("BNY"), BAYVIEW LOAN SERVICING, LLC ("Bayview"), RUBIN LUBLIN, LLC ("Rubin"), and BANK OF AMERICA CORPORATION ("BOA")(BNY, Bayview, BOA, and Rubin shall collectively be referred to as "Defendants") and in support hereof shows this Court the following:

## AMENDMENT

1. Plaintiffs file this Verified Second Amended Complaint against Defendants according to Federal Rules of Civil Procedure 15(a)(2).

2. Plaintiffs file this Verified Second Amended Complaint to add Defendant Bank of America Corporation and to supplement their pleadings to clarify their allegations against original Defendants BNY, Bayview, and Rubin.

3. Defendants do not consent to Plaintiffs' second amendment to the Complaint.

## PARTIES AND JURISDICTION

4. Plaintiffs are residents of the State of Georgia.

5. BNY is a Pennsylvania National Association, is registered to do business in the State of Georgia and may be served with process via its Registered Agent Peter Lublin located at 3145 Avalon Ridge Place, Suite 100, Peachtree Corners, Georgia, 30071.

6. Bayview is a Delaware limited liability company, is registered to do business in the State of Georgia and may be served with process via its Registered

Agent Corporation Service Company located at 40 Technology Parkway South, Suite 300, Norcross, Georgia.

7. Rubin is a Georgia limited liability company and may be served with process via its Registered Agent Peter Lublin located at 3145 Avalon Ridge Place, Suite 100, Peachtree Corners, Georgia, 30071.

8. Bank of America Corporation ("BOA") is a Delaware profit corporation with its principal place of business located at 150 N College St., NC1-028-17-06, Charlotte, North Carolina, 28255.

9. BOA is registered to do business in the State of Georgia and may be served via its registered agent C T Corporation System located at 289 S Culver St., Lawrenceville, Georgia, 30046-4805.

10. On or about May 21, 2019 Defendants BNY and Bayview filed a Notice of Removal from Fulton County Superior Court to this Court (DN 1) and Defendant Rubin consented to the removal of the action; therefore, jurisdiction and venue are proper in this Court against original Defendants.

11. Jurisdiction and venue are property in this Court in regard to claims against Defendant BOA.

## FACTS COMMON TO ALL COUNTS

**Facts Regarding the Purchase of the Property and
Assignment of the Security Deed**

12. On or about October 31, 2005, Plaintiffs closed a real estate transaction for the purchase of the real property subject to this lawsuit: 3950 Spalding Drive, Atlanta, Georgia 30350 (the "Property").

13. The original lender for the October 31, 2005 transaction was listed as America's Wholesale Lender (hereafter "AWL"), a fictitious name for Countrywide Financial Corp., which identified itself as a "New York Corporation."

14. Plaintiffs executed a security deed to Mortgage Electronic Registration Systems, Inc. ("MERS"), Solely As Nominee for America's Wholesale Lender, its Successors and Assigns, filed for record on 11/15/2005, and recorded in Deed Book 41350, Page 300, Fulton County property records (the "Security Deed").

15. Countrywide Financial Corp. serviced the mortgage until July 2008, when it was acquired by Defendant BOA; Defendant BOA is subject to all claims and defenses which Plaintiffs have or could assert against AWL or Countrywide.

16. On or about March 25, 2010, MERS assigned its interest in a Security Deed executed by Plaintiffs to MERS to Defendant BNY, and recorded the

4

assignment in Deed Book 47753, Page 70, in the Office of the Clerk of the Superior Court of Fulton County, Georgia.

17. Strangely, again on June 30, 2014, MERS *again* assigned the same Security Deed to Defendant BNY and recorded it in Deed Book 54001 Page 289 in the Office of the Clerk of the Superior Court of Fulton County, Georgia.

18. Upon information and belief, Defendant BNY required MERS to execute the second, June 30, 2014 because the first assignment was fraudulent, that is to say: Renee Hertzler and Donald Clark signed the original March 2010 assignment on behalf of MERS in their respective capacities of Vice President of MERS, when in fact Mr. Clark and Ms. Hertzler were agents and employees of the purported assignee, Defendant BNY.

19.  Ms. Hertzler testified in her deposition in the case of Patricia Starr v. Bank of America Corporation, et. al, taken during the relevant time period in 2009, confirmed that she was working for Countrywide and Bank of America, and was *also* the corporate designee for the 30(b)(6) deposition of Bank of New York Mellon.

20. Defendants have recorded an interest in Plaintiffs' Property or claim some interest in Plaintiffs' Property.

5

## Facts Regarding the Multiple Loan Modifications

21. Prior to the March 2010 fraudulent assignment, from the date of the closing until August 26, 2009, Plaintiffs made their regular monthly mortgage payments to Defendant BOA.

22. In August 26, 2009, during the financial downturn that drastically impacted the Nation's real estate economy.

23. BOA was servicing the mortgage at the time, so Plaintiffs applied for a loan modification with Defendant BOA.

24. On or about August 26, 2009, Defendant BOA advised Plaintiffs that Plaintiffs had to be at least three (3) payments in arrears before Defendant BOA would consider them eligible for a modification of their loan.

25. Plaintiffs learned that they might receive loan modification assistance from Neighborhood Assistance Corporation of America ("NACA").

26. Plaintiffs first attended a NACA event in Atlanta, Georgia, where Plaintiffs completed a homeowner assistance package.

27. NACA advised Plaintiffs to attend an event the following month (May 2009), in Charlotte, North Carolina and Plaintiff Reza Zahedi attended, waiting overnight to gain entrance into the event. Ultimately, the modification was

approved and Plaintiffs new, modified monthly mortgage payment would be $2,247.23.

28. In reality, BOA had not registered the loan modification, and Plaintiffs were bombarded with threats and foreclosure correspondence from BOA and its attorneys.

29. On March 3, 2010, Plaintiffs attended yet another NACA event in Nashville Tennessee, and received a completed loan modification agreement from BOA, this time with an increased monthly payment of $2,427.75 which allegedly included principal, interest, and escrow funds for taxes and insurance.

30. On December 27, 2010, Defendant BOA sent correspondence to Plaintiffs, requesting Plaintiffs to modify their loan with BOA, to which Plaintiffs responded they had already applied for and completed a loan modification and Plaintiffs had been making timely payments since March 5, 2010.

31. Insecure as to their status, Plaintiffs attended *yet another* NACA event in Atlanta Georgia, and spoke with a Defendant BOA representative and showed the representative their loan modification documents. The representative apologized and advised Plaintiffs that their loan modification was never registered by BOA.

32. BOA then sent a "new" loan modification document, with a "new" monthly payment of $2,588.86, again higher than their previous loan modification monthly payment that Plaintiffs had been paying since March 5, 2010.

**BOA Forced Placed Flood Insurance**

33. Then, on January 11, 2012, BOA sent Plaintiffs a new statement with a monthly payment increase of $2,916,63, which was substantially higher, $327.77 per month. Plaintiffs began paying $2,916.63.

34. On February 16, 2012, BOA sent another letter stating they received the January payment, and that the total amount due was $6,296.96 due to an "escrow shortage."

35. After months of back and forth correspondence between Plaintiffs and BOA, BOA informed Plaintiffs that the escrow shortage was due to flood insurance, which came to $746.00 per month, which caused Plaintiffs severe financial strain.

36. Plaintiffs discovered that flood insurance in Georgia is regulated and the maximum amount that can be charged is $400.00 per year.

37. During the loan modification process with BOA and its mortgage servicer, BOA required Plaintiffs to pay $6,000.00 a year for flood insurance in addition to Plaintiffs' regular mortgage payment.

38. Ultimately BOA realized their mistake and advised Plaintiffs via letter that Plaintiffs did not need flood insurance; despite this, BOA never credited the overpayments.

39. Despite BOA's written admission to the mistake, Defendant BOA and its attorneys continued to send notice of non-judicial foreclosure proceedings.

40. BOA's actions forced Plaintiffs to file bankruptcy protection in the Northern District Bankruptcy Court on Jun 27, 2013, case number 13-64017.

41. Case Number 13-64017 was terminated on or about November 22, 2013.

**Plaintiffs Prior 2015 Lawsuit Against BOA**

42. On or about August 3, 2015, Plaintiffs filed a lawsuit against Bank of America, N.A., et al. in the Norther District Court of Georgia, Case Number 1:15-cv-02739, styled *Dana Lynn Zahedi and Reza Zahedi v. Bank of America, N.A., as Trustee for The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for Certificateholders of CWMBS, Inc., Alternative Loan Trust 2006-8t1, certificates, series 2006-7, et al* (the "2015 BOA Lawsuit").

43. On or about October 20, 2015, Plaintiffs dismissed the 2015 BOA Lawsuit *without prejudice*.

### Plaintiffs 2015 Bankruptcy Case

44. On or about August 4, 2015, due to insecurity regarding their mortgage due to Defendant BOA's continued attempts to collect the improper amounts for the forced placed flood insurance, Plaintiffs were forced yet again to file for bankruptcy protection, case number 15-64794.

45. The 2015 Bankruptcy case was closed on October 16, 2015.

### The 2017 Bankruptcy Action

46. Due to Plaintiffs insecurity regarding their mortgage due to Defendant BOA's continued attempts to collect the improper amounts for the forced placed flood insurance, Plaintiffs were forced to file for bankruptcy protection on or about September 30, 2017 (the "2017 Bankruptcy").

47. During the course of the 2017 Bankruptcy action, Plaintiffs made mortgage payments to Bayview directly.

48. During the 2017 Bankruptcy Action, on or about September 27, 2018, Plaintiffs wrote a check for $7,800.00 (check number 0000000124) from BOA account number 5072786 to transfer those funds to the Bankruptcy Trustee.

49. BOA failed to authorize a transfer of funds from Plaintiffs to the Trustee, despite sufficient funds in the amount of $12,065.13 remained in Plaintiffs' bank account.

50. As a direct and proximate cause of BOA's failure to the transfer of funds from Plaintiffs to Trustee, the bankruptcy court dismissed the 2017 Bankruptcy Action on October 18, 2018 and closed the case on January 11 of 2019.

51. On or about December 4, 2018, Bayview sent a notice of default and intent to accelerate to Dana Zahedi.

52. Upon receipt of Bayview's notice of default, Plaintiffs called Bayview to again reiterate and provided notice to Bayview of the issues caused by the successor mortgage servicer BOA; specifically, the amounts showing on the statements and the notice of default and intent to accelerate were inflated and improper.

**Post-2017-Bankruptcy Dismissal Payments to Bayview**

53. Upon learning that the 2017 Bankruptcy Action was dismissed, on March 10, 2019, Plaintiffs made the monthly mortgage payments directly to Bayview for the months of January and February of 2019 in the amounts of $1,794.00 (check numbers 98, and 99 respectively).

54. The Security Deed includes a right for Plaintiffs to reinstate their account after acceleration.

55. To that end, Plaintiffs called Bayview to confirm their receipt of the checks and Bayview advised Plaintiffs over the telephone that Plaintiffs' mortgage was in default, that Bayview was rejecting the January and February checks, and that Bayview would return the checks.

56. Despite their representation that they would, Bayview did not return the January or February 2019 monthly mortgage payments.

57. Without notice to Plaintiffs, and despite accepting the January and February 2019 payments, Bayview placed the mortgage in foreclosure and set the foreclosure sale date for May 7, 2019.

58. In April of 2019, Plaintiffs called Bayview, who advised Plaintiffs that the mortgage was in foreclosure and the date had been set for May 7, 2019.

59. When Plaintiffs raised the issue that no written notice was sent by Bayview to Plaintiffs regarding the foreclosure, Bayview directed Plaintiffs to contact Rubin & Lublin, attorneys for BNY.

60. Plaintiffs called Rubin & Lublin, who confirmed the foreclosure sale was set for May 7, 2016.

12

61.  Neither BNY, Bayview, or BNY's attorneys Rubin & Lublin sent written notice of intent to foreclose to Plaintiffs, as required by Georgia law.

62.  During all oral and written correspondence to Bayview, Plaintiffs advised Bayview that their records of the arrears, interest, and fees on the mortgage were inflated and improper amounts originally charged by BOA.

63.  Despite being on notice of the inflated and improper amounts, BNY and its servicer Bayview set the foreclosure sale for May 7, 2019.

**The Verified Declaratory Judgment and Motion for Ex Parte TRO**

64.  On or about April 29, 2019, Plaintiffs filed a verified declaratory judgment and motion for ex parte temporary restraining order (the "Original Complaint") *pro se* against Defendants.

65.  On May 6, 2019, the day before the foreclosure was to occur, Judge Emily Richardson of Fulton County Superior Court entered an Order granting temporary restraining order to Plaintiffs to maintain the *status quo* and restraining Defendants from selling the Property at public auction through June 5, 2019.

66.  The *only* reason the foreclosure sale did not occur was Judge Richardson's Order granting temporary restraining order.

67.  Defendants filed the notice of removal, effectively removing the above case to this United States District Court for the Northern District of Georgia.

68.  Defendant BNY is the successor-in-interest to BOA regarding the Security Deed.

69.  Serving as BNY's mortgage servicer, Bayview is an agent of BNY.

70.  Serving as legal counsel to BNY, Rubin is an agent of BNY.

71.  Collectively, Defendants were placed on notice by Plaintiffs that BOA charged a premium to Plaintiff for forced-placed flood insurance, admitted the mistake, and did not adjust the amount owed by Plaintiffs.

72.  Despite the notice of inflated and improper amounts, Defendants rejected Plaintiffs' January and February monthly mortgage payments.

73.  Despite the notice of inflated and improper amounts, Defendants scheduled the foreclosure sale for May 7, 2019, but failed to send written notice of intent to foreclose to Plaintiffs, as required by Georgia law.

74.  Despite the notice of inflated and improper amounts, Defendants, in their communications to Plaintiffs, knowingly made false representations of the amount of the debt.

75. Defendants charging interest, fees, and penalties on arrears they knew to be inaccurate has caused Plaintiffs' financial harm in an amount to be determined at trial.

76. Defendants' actions have caused Plaintiffs to incur unnecessary legal costs including reasonable attorney's fees.

**COUNT I: VIOLATION OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")**
**(Against All Defendants)**

77. Plaintiffs restate allegations contained in Paragraphs 1 through 76 of their Verified Second Amended Complaint as if set forth fully herein.

78. Defendant BOA, as the prior servicer of the BNY mortgage, is a debt collector under the FDCPA because it uses the mail for the purpose of collection of debts, directly and indirectly, debts owed or due to another.

79. Defendant BNY is debt collector under the FDCPA because BNY is a creditor who, in the process of collecting its own debts, uses a name other than its own to indicate that a third person is collecting or attempting to collect such debts.

80. Defendant Bayview is a debt collector under the FDCPA because it uses the mail for the purpose of collection of debts, directly and indirectly, debts owed or due to another.

15

81. Defendant Rubin is a debt collector under the FDCPA because it uses the mail for the purpose of collection of debts, directly and indirectly, debts owed or due to another.

82. Plaintiffs are the object of Defendants debt collection activity: to wit, Defendants rejected Plaintiffs' January and February monthly mortgage payments, and scheduled the foreclosure sale for May 7, 2019.

83. Plaintiffs are the object of Defendants debt collection activity: scheduling the foreclosure sale for May 7, 2019 *without* sending notice of intent to foreclose to Plaintiffs, which is required by Georgia law.

84. Defendants, in their communications to Plaintiffs, knowingly made false representations of the amount of the debt; specifically, Defendants knowingly attempted and are attempting to collect an amount that bears interest, fees, and penalties on arrears Defendants know to be inaccurate.

85.  Due to Defendants' actions, Plaintiffs have suffered damages as a result of severe emotional and physical distress in an amount to be determined at trial.

86.  Under the FDCPA, Plaintiffs may be entitled to their attorney's fees and cost in an amount to be determined at trial.

## COUNT II: BREACH OF CONTRACT
### (Against Defendants BNY)

87.     Plaintiffs restate allegations contained in Paragraphs 1 through 86 of their Verified Second Amended Complaint as if set forth fully herein.

88.     By virtue of the June 30, 2014 assignment, Plaintiffs and BNY are parties to a legal contract, to wit: the Security Deed.

89.     Section 15 of the Security Deed provides that all notices given by Borrower or Lender in connection with the Security Instrument must be in writing.

90.     BNY breached Section 15 of the Security Deed when, through its agent Bayview, its attorneys Rubin or otherwise, it failed to provide written notice to Plaintiffs of BNY's intent to foreclose and sell the Property.

91.     Section 22 of the Security Deed states that Borrower appoints Lender the agent and attorney-in-fact for Borrower to exercise the power of sale, creating a principal and agent relationship, being confidential and fiduciary in character.

92.     BNY breached Section 22 of the Security Deed by failing to conduct the foreclosure of the Property fairly when it failed to send written notice of foreclosure sale to Plaintiffs.

93.     BNY breached Section 22 of the Security Deed by pursuing foreclosure after being placed on notice by Plaintiffs that the amounts allegedly owed to BNY

were inflated and improper amounts originally charged by BOA arising out of the forced-placed flood insurance.

94. As a result of Defendant BNY's breach of the Security Deed, Plaintiffs have been damaged in an amount to be determined at trial.

## COUNT III: FRAUD
### (Against Defendants BNY and Bayview)

95. Plaintiffs restate allegations contained in Paragraphs 1 through 94 of their Verified Second Amended Complaint as if set forth fully herein.

96. On December 4, 2018 Defendants BNY, through its agent Bayview, and Bayview sent written correspondence to Plaintiffs that included inflated and improper amounts allegedly owed to BNY due to improper actions taken by Bayview's successor mortgage servicer, BOA.

97. As a result of *multiple* phone calls with Plaintiffs, when Defendants BNY and Bayview sent the December 4, 2018 correspondence, BNY and Bayview knew that the amounts in the correspondence were inflated and improper.

98. On December 4, 2018, BNY and Bayview knew intended to induce Plaintiffs to pay an amount that BNY and Bayview knew to be incorrect.

99. Plaintiffs justifiably relied on BNY and Bayview's misrepresentations and tried to pay January and February's monthly mortgage payments.

100.  BNY and Bayview told Plaintiffs they were rejecting the January and February monthly mortgage payments, and the payments would be returned to Plaintiffs.

101.  BNY and Bayview never returned the payments and, upon information and belief, deposited both checks.

102.  Without returning the checks or providing Plaintiffs with written notice of intent to foreclose the Property, as required by Georgia law, Defendants BNY and Bayview set the foreclosure sale for May 7, 2019.

103.  Plaintiffs have been damaged by BNY and Bayview's misrepresentations and Plaintiffs' reliance thereon in an amount to be determined at trial.

104.  Defendants BNY and Bayview's conduct was willful, malicious, fraudulent and want of care that raises a presumption of conscious indifference to the consequences; therefore, Plaintiffs are entitled to punitive damages.

### COUNT IV: WRONGFUL FORECLOSURE
**(Against Defendants BNY, Bayview, and Rubin Lublin)**

105. Plaintiffs restate allegations contained in Paragraphs 1 through 104 of their Verified Second Amended Complaint as if set forth fully herein.

106. In Georgia, a wrongful foreclosure claim may be asserted even though a debt is in default and it may be based upon fraud, intentional tort, negligence,

breach of contract by the creditor, or intentional failure to comply with a statutory duty.

107. Defendants have a statutory duty to Plaintiffs to exercise the power of sale fairly and in a good faith.

108. Defendants breached a duty to Plaintiffs when they knowingly made false representations of the amount of the debt and pursued foreclosure based on those false representations.

109. Defendants breached a duty to Plaintiffs when they failed to send written notice of intent to foreclose to Plaintiffs including the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with debtor via certified mail per O.C.G.A. § 44-14-162.2.

110. Defendants found out about the foreclosure by actively calling Bayview, who advised Plaintiffs to contact Rubin, counsel for BNY.

111. Plaintiffs contacted Rubin who confirmed the sale was set for May 7, 2019, but Rubin never sent notice of foreclosure.

112. Due to Defendants' breach of duty to Plaintiffs and Defendants' wrongful foreclosure, Plaintiffs have suffered physical and emotional damages.

113. As a result of Defendants' wrongful foreclosure, Plaintiffs have incurred attorney's fees and expenses to bring the Original Complaint, to file the first Amended Complaint, and to file this Verified Second Amended Complaint.

## COUNT V: ILLEGAL FORCED-PLACED FLOOD INSURANCE
### (Against Defendant BOA)

114. Plaintiffs restate allegations contained in Paragraphs 1 through 113 of their Verified Second Amended Complaint as if set forth fully herein.

115. Defendant BOA fraudulently and/or negligently placed improper forced-placed homeowner's flood insurance on Plaintiffs' Property when said insurance was not required as Plaintiffs' Property is not in a flood zone.

116. Defendant BOA overcharged Plaintiff over $6,000.00 per year in insurance when, even if said insurance was necessary, which it was not, could not exceed $400.00 by law.

117. BOA knew or should have known that said insurance charges were improper and not necessary but continued to charge Plaintiffs those amounts anyway in reckless disregard of the facts and Plaintiffs' rights.

118. Defendant BOA's fraudulently and/or negligently placing forced-placed insurance on Plaintiffs' Property when insurance was not necessary and overcharging Plaintiffs for said insurance caused Plaintiffs to default on their

mortgage loan payments, which subsequently caused Plaintiffs to file for bankruptcy protection on three (3) different occasions.

119. Defendant BOA's actions detailed in Paragraphs 11-76 above, was the proximate cause of Plaintiffs' years of financial damages, including destroying Plaintiffs' credit, in an amount to be determined at trial.

## COUNT VI: FRAUD
### (Against BOA)

120. Plaintiffs restate allegations contained in Paragraphs 1 through 119 of their Verified Second Amended Complaint as if set forth fully herein.

121. On January 11, 2012 Defendant BOA forced placed unnecessary flood insurance on Plaintiffs' Property and charged the premiums to Plaintiffs' escrow account for Plaintiffs' mortgage, causing Plaintiffs to default.

122. BOA knew that the flood insurance was unnecessary and stated so in a written apology to Plaintiffs.

123. Despite the acknowledgment, BOA continued to send notice of default and foreclosure based on the improper amounts, intending to induce Plaintiffs to pay an amount that to BOA and ultimately BNY that both parties knew to be incorrect.

124. Plaintiffs justifiably relied on BOA misrepresentations and continued to pay the inflated monthly mortgage payments.

125. Plaintiffs have been damaged by relying on BOA and BNY's misrepresentations in an amount to be determined at trial to include their legal costs for having to file bankruptcy several times, destroying Plaintiffs' credit.

126. Defendant BOA's conduct was willful, malicious, fraudulent and want of care that raises a presumption of conscious indifference to the consequences; therefore, Plaintiffs are entitled to punitive damages.

## COUNT VII: ATTORNEY'S FEES PURSUANT TO O.C.G.A. § 13-6-11
### (Against All Defendants)

127. Plaintiffs restate allegations contained in Paragraphs 1 through 126 of their Verified Second Amended Complaint as if set forth fully herein.

128. Defendants actions as described herein have been in bad faith, have caused Plaintiffs unnecessary trouble and expense, and have shown stubborn litigiousness, and as a result thereof, Plaintiffs should be entitled to recover their expenses of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief from this Court:

1) Plaintiffs will serve Bank of America Corporation with process of service via its registered agent C T Corporation System located at 289 S Culver St., Lawrenceville, Georgia, 30046-4805.

23

2) Plaintiffs be awarded judgment on their claim for Defendants' Violation of the Fair Debt Collection Practices Act and damages for Plaintiffs' emotional and physical damages and attorney's fees;

3) Plaintiffs be awarded judgment on their claim for Defendant BNY and Bayview's Fraud and Plaintiffs' damages, including punitive damages, arising therefrom;

4) Plaintiffs be awarded judgment on their claim for BNY's Breach of Contract and damages arising therefrom;

5) Plaintiffs be awarded judgment on their claim for Defendants' BNY, Bayview, and Rubin's Wrongful Foreclosure and damages for Plaintiffs' financial and emotional damages and attorney's fees;

6) Plaintiffs be awarded judgment on their claims for Defendant BOA's Illegal Forced Placed Insurance and Fraud and Plaintiffs' damages, including punitive damages, arising therefrom

7) Plaintiffs be awarded their reasonable attorney's fees from all Defendants and court costs pursuant to O.C.G.A. § 13-6-11;

8) Judgment be entered in favor of Plaintiffs against all Defendants in accordance with the evidence presented at trial and applicable law; and

9) Plaintiffs be awarded such other relief as this Court deems just.

Respectfully submitted this 12th day of November, 2019.

**WEENER & NATHAN, LLP**

<u>Devin B. Phillips</u>
Devin B. Phillips
Georgia Bar No.: 189782
*Attorney for Plaintiffs*

5887 Glenridge Drive, NE
Suite 275
Atlanta, Georgia 30328
Telephone: (770) 392-9004
Facsimile: (770) 522-9004
Email: dphillips@wnllp.com

**CERTIFICATE OF COMPLIANCE AND SERVICE**

Pursuant to Local Rule 7.1D, counsel hereby certifies that *Plaintiff's Verified Second Amended Complaint for Damages* has been prepared using Times New Roman 14-point font, as approved by Local Rule 5.1C. I further certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notice of such filing to the following attorneys of record:

John Kearns, Esq.
Aaron Wagner, Esq.
Locke Lord, LLP
3333 Piedmont Rd, NE
Terminus 200, Suite 1200
Atlanta, GA 30305
john.kearns@lockelord.com; aaron.wagner@lockelord.com
*Attorneys for Defendants The Bank of New York Mellon and Bayview Loan Servicing*

Bret Chaness, Esq.
Corey Rothschild Mendel, Esq.
Rubin Lublin, LLC
3145 Avalon Ridge Pkwy, Suite 100
Peachtree Corners, GA 30071
bchaness@rubinlublin.com; crothschild@rubinlublin.com
*Defendant Rubin Lublin, LLC*

**This** 12th day of November, 2019.

/s/ Devin B. Phillips
Devin B. Phillips
Georgia Bar No.: 189782
*Attorney for Plaintiffs*

26

**WEENER & NATHAN LLP**
5887 Glenridge Drive, NE
Suite 275
Atlanta, Georgia 30328
Telephone: (770) 392-9004
Fax: (770) 522-9004
Email: dphillips@wnllp.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANA LYNN ZAHEDI and )
REZA ZAHEDI, )
    )
    Plaintiffs, )    **CIVIL ACTION FILE NO.:**
    )
v. )    **1:19-cv-02291-ELR-JKL**
    )
THE BANK OF NEW YORK MELLON )
TRUSTEE FKA THE BANK OF NEW )
YORK, AS TRUSTEE FOR THE )
CERTIFICATE HOLDERS OF CWMBS )
INC., ALTERNATIVE LOAN TRUST )
2006-8T1 MORTGAGE PASS THROUGH )
CERTIFICATES SERIES )
2006-7; BAYVIEW LOAN SERVICING, )
LLC; and RUBIN LUBLIN, LLC, )
    )
    Defendants. )
_____ )

## VERIFICATION

PERSONALLY APPEARED before the undersigned officer duly authorized to administer

and receive oaths, DANA ZAHEDI, who, after being duly sworn, state that all of the allegations

in the foregoing *Plaintiffs' Second Amended Complaint for Damages*, are true and correct to the

best of my knowledge, information, and belief.

_____(SEAL)
Dana Zahedi

Sworn to and subscribed before me this
12th day of November, 2019.

_____
Notary Public

My commission expires: 8-19-22

SHANNON D. ZIMMERMAN
Notary Seal
My Commission Expires
NOTARY
PUBLIC
08-19-2022
FULTON COUNTY, GEORGIA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANA LYNN ZAHEDI and<br>REZA ZAHEDI,<br><br>    Plaintiffs,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON<br>TRUSTEE FKA THE BANK OF NEW<br>YORK, AS TRUSTEE FOR THE<br>CERTIFICATE HOLDERS OF CWMBS<br>INC., ALTERNATIVE LOAN TRUST<br>2006-8T1 MORTGAGE PASS THROUGH<br>CERTIFICATES SERIES<br>2006-7; BAYVIEW LOAN SERVICING,<br>LLC; and RUBIN LUBLIN, LLC,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>CIVIL ACTION FILE NO.:<br><br>1:19-cv-02291-ELR-JKL |

## VERIFICATION

PERSONALLY APPEARED before the undersigned officer duly authorized to administer and receive oaths, REZA ZAHEDI, who, after being duly sworn, state that all of the allegations in the foregoing *Plaintiffs' Second Amended Complaint for Damages*, are true and correct to the best of my knowledge, information, and belief.

_____(SEAL)
Reza Zahedi

Sworn to and subscribed before me this
12th day of November, 2019.

_____
Notary Public

My commission expires: 8-19-22

[Notary Seal]

SHANNON D. ZIMMERMAN
NOTARY PUBLIC
FULTON COUNTY, GEORGIA
My Commission Expires
08-19-2022

# EXHIBIT "B"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DANA LYNN ZAHEDI and** <br> **REZA ZAHEDI,** <br><br>     **Plaintiffs,** <br><br> **v.** <br><br> **THE BANK OF NEW YORK MELLON** <br> **TRUSTEE FKA THE BANK OF NEW** <br> **YORK, AS TRUSTEE FOR THE** <br> **CERTIFICATE HOLDERS OF CWMBS** <br> **INC., ALTERNATIVE LOAN TRUST** <br> **2006-8T1 MORTGAGE PASS** <br> **THROUGH CERTIFICATES SERIES** <br> **2006-7; BAYVIEW LOAN SERVICING,** <br> **LLC; and RUBIN LUBLIN, LLC,** <br><br>     **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     **CIVIL ACTION FILE NO.:** <br><br> **1:19-cv-02291-ELR-JKL** |

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT FOR DAMAGES

Having considered Plaintiffs' Motion for Leave to File Second Amended Complaint for Damages ("Motion");

**IT IS ORDERED, ADJUDGED, AND DECREED**, that Plaintiffs' Motion is GRANTED; and

1

(1) Plaintiffs' shall file their Second Amended Complaint immediately upon the Court's entry of this Order;

(2) Plaintiffs' Second Amended Complaint shall be deemed served on existing parties upon entry of Plaintiffs' Second Amended Complaint;

(3) That appropriate service of the Motion, Order, Second Amended Complaint, with Summons attached thereto, along with all prior pleadings be made upon the added Defendant Bank of America Corporation; and

(4) Defendants file their defensive pleadings within the time provided by law.

**SO ORDERED,** this _____ day of _____, 2019.

_____
Honorable John K. Larkins III
United State District Court Judge

**PREPARED AND PRESENTED BY:**

/s/ Devin B. Phillips
Devin B. Phillips
Georgia Bar No.: 189782
Weener and Nathan LLP
5887 Glenridge Drive, NE
Suite 275
Atlanta, Georgia 30328
Telephone: (770) 392-9004
Facsimile: (770) 522-9004
Emails: dphillips@wnllp.com
*Attorney for Plaintiffs*